FILED

NOT FOR PUBLICATION

FEB 26 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ANDRES MARIANO TADEO; EMMA
ALTAGRACIA MARIANO,

Petitioners,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 08-75001

Agency Nos.  A079-520-794
             A079-520-795

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 13, 2013
San Francisco, California

Before: SCHROEDER, HAWKINS, and MURGUIA, Circuit Judges.

Andres Mariano Tadeo and his wife, Emma Altagarcia Mariano, both

citizens of Mexico, appeal the BIA's decision affirming the IJ's denial of

cancellation of removal and denying their motion to reopen and remand.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

The BIA's decision is reviewed for substantial evidence and is disturbed "only if the evidence presented compels a reasonable factfinder to reach a contrary result." *Vera-Villegas v. INS*, 330 F.3d 1222, 1230 (9th Cir. 2003) (citation omitted) (internal quotation marks omitted). We grant the petition and remand for further proceedings.

## I.    Andres Mariano Tadeo

To be eligible for cancellation of removal Andres must prove by a preponderance of the evidence that he is "a person of good moral character," 8 U.S.C. § 1229b(b)(1)(B), a fact which he is precluded from establishing if he gave "false testimony for the purpose of obtaining any" immigration benefit, 8 U.S.C. § 1101(f)(6). Andres's former, and now-disbarred, counsel incorrectly listed 1989 as Andres's date of entry on his initial asylum application. Andres repeated the incorrect date to an asylum officer because his counsel told Andres that he could not correct the date. The record lacks sufficient evidence to demonstrate that Andres gave false testimony "with the subjective intent of obtaining immigration benefits." *Kungys v. United States*, 485 U.S. 759, 780 (1988).

First, the misrepresentation was immaterial and "it will be relatively rare that the Government will be able to prove that a misrepresentation" that is not material "was nonetheless made with the subjective intent of obtaining those benefits." *Id.*

-2-

at 780–81. Second, Mr. Mariano testified credibly that he did not give the false testimony in order to obtain an immigration benefit. *See Lopez-Alvarado v. Ashcroft*, 381 F.3d 847, 851 (9th Cir. 2004) (testimony must be accepted as true absent an adverse credibility finding). Third, the transcript of the hearing contains gaps when Andres is explaining his subjective intent. Fourth, the fact that Andres was following the advice of counsel is insufficient to demonstrate his subjective intent to obtain an immigration benefit because the record does not reveal what his counsel told him.

Because the IJ and BIA stopped after invoking the statutory bar, the case is remanded for a determination of whether Andres has good moral character and is otherwise eligible for cancellation of removal. *INS v. Orlando Ventura*, 537 U.S. 12, 16 (2002).

## II.    Emma Altagarcia Mariano

The IJ made an adverse credibility determination and it is evaluated under the pre-REAL ID Act standard, which requires that the basis for the determination must go to the heart of the alien's claim. *Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir. 2004). The heart of Emma's claim is that she was continuously present in the United States beginning in 1990. None of the inconsistencies identified by the IJ relate to her continued presence.

The presence of her parents at the 1990 border crossing is irrelevant to her claim. *See Singh v. Gonzales*, 439 F.3d 1100, 1108–09 (9th Cir. 2006) (non-critical details, even if relating to a critical event, cannot form basis of adverse credibility finding). The date of Emma's brief enrollment in school in the United States is similarly not relevant to her continued presence. The confusing testimony about the ages of Emma's nieces at the time she entered the United States "must be viewed in light of all the evidence presented in the case," *Kaur v. Gonzales*, 418 F.3d 1061, 1066 (9th Cir. 2005), and we cannot "abandon our common sense," *id.* Emma's passport shows she entered the United States in 1990 and, because there is no suggestion that the stamp is not genuine, common sense suggests that this is the date that she entered the country.

Additionally, even if the inconsistencies identified by the IJ were actual inconsistencies that went to the heart of Emma's claim, the IJ erred because it did not "afford [Emma] a chance to explain inconsistencies, and [the IJ did not] address these explanations." *Singh*, 439 F.3d at 1105.

On remand the BIA should consider Emma's credibility on an open record. *See Soto-Olarte v. Holder*, 555 F.3d 1089, 1094 (9th Cir. 2009); *see also Orlando Ventura*, 537 U.S. at 16 (remand for explanation and investigation is appropriate save for rare cases).

-4-

### III.    Motion to Reopen

Because the case is remanded on an open record, *see Soto-Olarte*, 555 F.3d at 1095–96, and the BIA should consider any relevant evidence, it is not necessary to determine if it was an error to deny the motion to reopen.

**The petition is GRANTED and the case is REMANDED for further proceedings.**